# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| NATALIE JONES, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>Deputy Commissioner for Operations, )<br>Social Security Administration, )<br>      Defendant. ) | CAUSE NO.: 2:17-CV-412-JEM |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff on October 31, 2017, and Plaintiff's Basis for Social Security Appeal [DE 16], filed April 16, 2018. Plaintiff requests that the decision of the Administrative Law Judge be reversed. On May 25, 2018, the Commissioner filed a response. Plaintiff did not file a reply, and the time to do so has passed.

## I.  Procedural Background

On September 23, 2013, Plaintiff filed an application for benefits alleging that she became disabled on November 26, 2008. Plaintiff's application was denied initially and upon reconsideration. On July 14, 2016, Administrative Law Judge ("ALJ") Howard Kauffman held a hearing at which Plaintiff, with an attorney representative, a medical expert ("ME") and a vocational expert ("VE") testified. On September 8, 2016, the ALJ issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

1

The ALJ made the following findings under the required five-step analysis:

1. The claimant met the insured status requirements of the Social Security Act through December 31, 2013.

2. The claimant has not engaged in substantial gainful activity since September 20, 2012, the amended alleged onset date.

3. Through the date last insured, the claimant had the following severe impairments: joint dysfunction of her bilateral knees and right shoulder.

4. The claimant did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant had the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can sit, stand, or walk for six hours per each eight-hour workday. She cannot climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant may have no exposure to unprotected heights and moving machinery parts.

6. The claimant is unable to perform any past relevant work.

7. The claimant was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date.

8. The claimant has a limited education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability from September 20, 2012, the alleged onset date, through the date of the decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d

3

664, 668 (7th Cir. 2004)). "A reversal and remand may be required, however, if the ALJ committed an error of law or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (citations omitted).

At a minimum, an ALJ must articulate her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

**III.   Analysis**

Plaintiff argues that the ALJ erred in finding that Plaintiff's impairments did not meet or equal a listing, and erred in his determination of her residual functional capacity (RFC). The Commissioner argues that the ALJ's determination is supported by substantial evidence.

   A.   <u>Listing Analysis</u>

First, Plaintiff argues that the ALJ failed to adequately assess the severity of her impairments, and that the objective medical findings meet the requirements of Listings 1.04 and 12.04. The Commissioner argues that the ALJ's conclusion is supported by substantial evidence, and

that Plaintiff has not met her burden of showing that her impairments meet the Listing requirements.

Appendix 1 of the disability regulations contains a "Listing of Impairments" that the SSA has predetermined are disabling regardless of a claimant's age, education, or work experience. 20 C.F.R. § 404.1525(a). The Listings first enumerate criteria necessary to establish that a claimant's diagnosis is based on acceptable medical evidence. 20 C.F.R. § 404.1525(c)(2). The remaining criteria establish the severity the impairment much reach to be considered disabling. 20 C.F.R. § 404.1525(c)(2). In general, the claimant bears the burden of proving that his condition meets all the criteria of a listing. *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006). However, an ALJ's listing determination "must discuss the listing by name and offer more than perfunctory analysis of the listing." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) (quoting *Barnett*, 381 F.3d at 668 (finding that a single sentence stating "[t]he evidence does not establish the presence of [symptoms] as required by that listing . . . is the very type of perfunctory analysis we have repeatedly found inadequate to dismiss an impairment as not meeting or equaling a Listing").

In order to meet Listing 1.04 for disorders of the spine, a claimant must have, as is relevant in this case, a spinal disorder with "compromise of a nerve root . . . or the spinal cord. With . . . [e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, [and] motor loss" or "[l]umbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively." 20 C.F.R. Pt. 404 Subpt P., App. 1, § 1.04(A), (C). In this case, the ALJ did not specifically identify Listing 1.04 in the analysis, but analyzed Plaintiff's back, neck, and foot impairments, noting that "she has often demonstrated normal range of motion in her cervical spine,

5

that "[s]he has frequently displayed painless and/or full range of motion in her back," and has had "normal strength, reflexes, and/or sensation in her bilateral upper and lower extremities."

As the Commissioner argues, Plaintiff does not explain how she satisfies the criteria of Listing 1.04 or point to any statement of a medical source indicating that she meets or medically equals a listing. Although the ALJ did not specifically identify all of the different Listings that could conceivably have applied in this case, he did thoroughly analyze the medical evidence in light of the Listing requirements and the case will not be remanded for this reason. *See Knox v. Astrue*, 327 F. App'x 652, 655 (7th Cir. 2009) ("[The plaintiff] did not present any medical evidence supporting the position that his impairments meet or equaled a particular listing. Two state-agency physicians concluded that [the plaintiff]'s impairments did not meet or medically equal a listing, and there was no medical opinion to the contrary. In light of the medical evidence, the ALJ's failure to refer to a specific listing at step three is not a ground for remand in this case.") (citing *Rice v. Barnhart*, 384 F.3d 363, 369–70 (7th Cir.2004); *Scheck v. Barnhart*, 357 F.3d 697, 701 (7th Cir.2004)) (other citations omitted).

The ALJ referred to the Listing criteria for depression, although he did not identify the Listing by number. He explicitly analyzed Plaintiff's depression, finding that it did not meet the "B" or "C" criteria of the Listing. At the time of the opinion, Listing 12.04 required medically documented persistence of a particular mental health syndrome that results in at least two of the "B" criteria: "1. Marked restriction of activities of daily living; or 2. Marked difficulties in maintaining social functioning; or 3. Marked difficulties in maintaining concentration, persistence, or pace; or 4. Repeated episodes of decompensation, each of extended duration," or the "C" criteria: "Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more

6

than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and . . . [r]epeated episodes of decompensation, each of extended duration." 20 C.F.R. Pt. 404 Subpt P., App. 1, § 12.04. The ALJ found that Plaintiff's depression "causes no more than 'mild' limitation in any of the first three functional areas and 'no' episodes of decompensation which have been of extended duration." The Court concludes that the ALJ adequately analyzed the requirements of the Listing, and Plaintiff has not provided evidence or even developed argument addressing how Plaintiff's documented symptoms meet the requirements of Listing 12.04.

      B.      <u>Residual Functional Capacity</u>

Plaintiff also argues that the ALJ erred in determining her RFC. The RFC is the ALJ's assessment of "the claimant's ability to do physical and mental work activities on a regular and continuing basis despite limitations from her impairments." *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014), It represents "the most the individual can still do" and should be "based on all the relevant medical and other evidence in the individual's case record. An individual's residual functional capacity is the most the individual can still do despite his or her impairment-related limitations." SSR 16-3p, 2016 WL 1119029, at *11 (Mar. 16, 2016).

Plaintiff argues that if the ALJ did not find that she met a Listing, he should have adopted the opinion of one of her physicians concluding that she is only capable of performing sedentary work, which would leading to a determination that Plaintiff was disabled and entitled to benefits since she was over the age of 50. *See* 20 C.F.R. § 404, Subpt. P, App. 2 ("Individuals approaching advanced age (age 50-54) may be significantly limited in vocational adaptability if they are restricted to sedentary work. When such individuals have no past work experience or can no longer

perform vocationally relevant past work and have no transferable skills, a finding of disabled ordinarily obtains."); *Thomas v. Colvin*, 534 F. App'x 546, 550 (7th Cir. 2013) ("[T]he grids *mandate* a finding of disability at [the plaintiff]'s 50th birthday if she is limited to sedentary work.").

Plaintiff argues that the ALJ should have given great weight to the opinion of her treating physician, Dr. Spence, who opined that she was limited to sedentary work. "[A] judge should give controlling weight to the treating physician's opinion as long as it is supported by medical findings and consistent with substantial evidence in the record." *Kaminski v. Berryhill*, 894 F.3d 870, 874 (7th Cir. 2018) (citing 20 C.F.R. § 404.1527(c)(2); *Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018)); *see also Gudgel*, 345 F.3d at 470; *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). If the ALJ declines to give a treating source's opinion controlling weight, he must still determine what weight to give it according to the following factors: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6). Furthermore, "whenever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

In this case, Dr. Spence, one of Plaintiff's treating physicians, opined that Plaintiff was restricted in the amount of time she could stand, walk, bend or kneel, lift and carry, and could not climb ladders or balance, effectively limiting her to sedentary work. After noting the treating

relationship and time period of his treatment, including gaps therein, the ALJ gave little weight to Dr. Spence's opinions, citing to contradictory objective evidence in the record, contradictions within the doctor's own opinions, and treatment history, including gaps between visits and the fact that a number of the opinions were provided several years before Plaintiff's alleged onset date. Plaintiff argues that the ALJ should have relied entirely on the restrictions described by this physician to conclude that Plaintiff was limited to sedentary work. However, the Court concludes that the ALJ adequately addressed the physician's opinion and explained why it was entitled to only little weight. This is not a scenario in which the ALJ disregarded the opinion of a long-term treating specialist that a claimant is entirely disabled; in this case, the ALJ addressed the specific work-related limitations described by the treating physician and why he gave them some, but not great weight. *Cf. Roddy*, 705 F.3d at 636 ("Even though the ALJ was not required to give [the treating physician]'s opinion [that the claimant could not handle a full-time job] controlling weight, he was required to provide a sound explanation for his decision to reject it.").

In this case, the ALJ drew a logical bridge between the medical evidence and his conclusions, explaining the weight given to the opinions of the medical professionals in the record and how he assessed her claimed symptoms and the medical evidence to arrive at the RFC finding. Despite Plaintiff's arguments that the ALJ erred in his Listing analysis, she has not shown that her conditions meet the criteria of either Listing she identifies, and the ALJ explained how he reached his conclusion that medical evidence does not support a conclusion that Plaintiff's limitations meet or equal Listing 12.04 or 1.04.

**IV.     Conclusion**

For the foregoing reasons, the Court hereby **DENIES** the relief requested in Plaintiff's Basis for Social Security Appeal [DE 16] and **AFFIRMS** the Commissioner of Social Security's final decision.

SO ORDERED this 11th day of March, 2019.

>  s/ John E. Martin
>  MAGISTRATE JUDGE JOHN E. MARTIN
>  UNITED STATES DISTRICT COURT

cc:     All counsel of record